United States District Court
Southern District of Texas
**ENTERED**
June 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EDIS MELISSA MEJIA RODRIGUEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-994 |
| | § | |
| CORE CIVIC LAREDO PROCESSING | § | |
| CENTER | § | |

### ORDER TO SHOW CAUSE

Edis Melissa Mejia Rodriguez, an alien detained at the Core Civic Processing Center in Laredo, Texas, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1 at 1). In her petition, the sole Respondent named is the Core Civic Laredo Processing Center (*see* Dkt. No. 1). As the Court has independently identified a potential issue that may affect its ability to afford relief, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why the Petition should not be dismissed **no later than July 10, 2026.**

"Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically 'the warden of the facility where the prisoner is being held.'" *Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *1 (N.D. Ill. Oct. 7, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Whether a matter is "core" depends on the nature of the relief sought, and a request for release lies at the heart of traditional habeas jurisdiction. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Generally, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19, 2021) (citing *Padilla*, 542 U.S. at 442), *report and recommendation adopted*, No. 1:20-CV-00141, 2021 WL 2457843 (S.D. Tex. June 15, 2021).

1

Here, Petitioner requests that "[her] freedom be granted so that [she] may undergo this legal process from the outside" (Dkt. No. 1 at 7). Petitioner's primary sought relief is release, and, thus, Petitioner challenges her physical confinement. *See Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024); *Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL 2099201, at *1 (N.D. Tex. July 25, 2025). Yet Petitioner did not name the warden of her facility as a respondent in this action. A warden, as understood by federal regulations, is "the chief executive officer" of a federal prison or correctional institution. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (citing 28 C.F.R. § 500.1(a)); *see also Warden* 3b, Merriam-Webster (11th ed. 2025) (defining warden as "an official in charge of a prison"). Because the Court's final order may require action by the warden, the Court seeks to ensure that its authority properly extends to him. *M.A.P.S. v. Garite*, 349 F.R.D. 631, 640 (W.D. Tex. 2025) ("The immediate custodian rule states [w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent." (internal quotation marks omitted) (citation omitted)).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed. Petitioner **must** file her response by **Friday, July 10, 2026.**

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Edis

Melissa Mejia Rodriguez via United States mail at:

Edis Melissa Mejia Rodriguez
A-Number: 220-109-706
Core Civic Processing Center
4702 East Saunders St
Laredo, TX 78041

It is so **ORDERED**.

**SIGNED** June 29, 2026

Marina Garcia Marmolejo
United States District Judge